UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ST. LOUIS GLASS AND ALLIED INDUSTRIES HEALTH & WELFARE INSURANCE FUND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:15-CV-456-CEJ |
| BROADWAY GLASS, LLC, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for default judgment, pursuant to Fed. R. Civ. P. 55(b)(2).

**I. Background**

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are five employee benefit plans (the Education, Money Purchase, Pension, Vacation, and Welfare funds) and their trustees (collectively, the plans). Defendant Broadway Glass, LLC is an employer in an industry affecting commerce within the meaning of the ERISA. Defendant employs individuals who are members of the Glaziers, Architectural Metal and Glass Workers Local Union No. 513 (the Union). Plaintiffs allege that defendant failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement between defendant and the Union.

## II. Procedural History

Plaintiffs filed the instant case on March 12, 2015. Service was achieved on defendant on March 22, 2015. Under Rule 12(a)(1)(A)(i), Fed. R. Civ. P., defendant was required to file an answer or other responsive pleading within twenty-one days of being served with the complaint. Because defendant failed to do so, the Clerk of Court entered default against it on June 9, 2015. Defendant did not respond to the entry of default.

## III. Legal Standard

Pursuant to Fed. R. Civ. P. 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Granting default judgment is within a district court's discretion. *See Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012).

When a party defaults, "the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Charles Alan Wright et al., <u>Federal Practice and Procedure: Civil</u> § 2688, at 63 (3d ed. 1998)). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). However, where "'the findings and judgment regarding damages in the instant case are capable of being computed on the basis

of facts of record' . . . the district court need not hold an evidentiary hearing on the issue of damages." *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)).

## IV.   Discussion

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, interest, liquidated damages (or the value of the interest again, where that amount is greater than the liquidated damages, or where liquidated damages have not been provided for), attorneys' fees, and costs. *Id.* § 1132(g)(2).

On November 1, 2008, defendant agreed to be bound by the terms of a collective bargaining agreement with the Union (the Agreement), effective from November 1, 2008 through October 31, 2013. [Doc. #1-1] The Agreement requires defendant to make contributions to the plans for each hour worked by employees covered by the Agreement. *Id.* arts. 11, 13–14, 16. The Agreement also incorporates by reference the plans' trust documents, which provide that failure to make timely contributions subjects defendant to interest, court costs, attorneys' fees, and accounting costs. [Doc. ##1-2 § 3.13; 1-3 §§ 4.4–5; 1-4 §§ 4.08, 7.25; 1-5 art. VII]

Plaintiffs submit an exhibit showing the results of a payroll audit for the period of October 31, 2011 through May 31, 2013 performed by the accounting firm of Wolfe-Nilges-Nahorski. This exhibit establishes that, for this period, defendant owes $47,118.12 in unpaid contributions, $4,240.63 in interest, and another $4,240.63 in interest (in lieu of liquidated damages), for a total of $55,599.38.

3

Based on the documentation and affidavits submitted by plaintiffs, the Court finds that defendant Broadway Glass, LLC was bound at all relevant times by a valid collective bargaining agreement and that it breached its obligations by failing to timely pay the required contributions. Plaintiffs have established that defendant is liable to them for $47,118.12 in unpaid contributions, $4,240.63 in interest, and another $4,240.63 in interest (in lieu of liquidated damages), for a total of $55,599.38.

Plaintiffs also submit the affidavit of attorney Daniel M. McLaughlin. According to Mr. McLaughlin, a total of 44.3 hours was expended in connection with this matter, for a total of $6,857.50 for legal services. Mr. McLaughlin attests that he was the only person at his law firm who worked on the case, from which the Court has been able to determine that his hourly billing rate is approximately $154.80. The Court finds that the hourly rate is reasonable, but not all of the hours expended.

It is apparent that the vast majority of those hours were billed for activities long before this case was filed, some as far back as 2012. Only 2.6 hours were spent preparing the complaint and related filings. Since the case was filed, only 7 additional hours have been expended, for a total of 9.6 hours. At the hourly rate of $154.80, plaintiffs are therefore entitled to $1,486.08 in attorney's fees. In addition, the firm paid $400.00 for the filing fee and $78.68 for service of process, for a total of $478.68, to which plaintiffs are also entitled.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #5] is **granted**.

4

A separate judgment will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2015.